Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br><br>vs.<br><br><br>EFRÉN A. NEGRÓN RAMÍREZ<br><br>Apelante | KLAN202200126 | **APELACIÓN**<br>procedente de Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Crim. Núm.: JLE2020G0159 JIS2020G0005 AL JIS2020G0009<br><br>Sobre:  Art. 75B Ley 177, Art. 144 (A) CP, Art. 133 (A) CP, Art. 131, CP |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Rodríguez Flores y la Jueza Díaz Rivera[1].

Díaz Rivera, Jueza Ponente


**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece el apelante, el Sr. Efrén A. Negrón Ramírez (apelante), y solicita nuestra intervención para que revoquemos una *Sentencia* emitida el 26 de enero de 2022, por el Tribunal de Primera Instancia, Sala de Ponce. Mediante dicho dictamen, se sentenció al apelante, luego de que un jurado rindiera un veredicto de culpabilidad el 15 de diciembre de 2021, por infracción del Art. 144(a) del Código Penal de Puerto Rico de 2004, 33 LPRA sec. 4772 (actos lascivos); tres cargos por la infracción del Art. 133(a) del Código Penal de 2012, 33 LPRA sec. 5194 (actos lascivos cuya víctima es menor de dieciséis años); infracción del Art. 131 del Código Penal de 2012; 33 LPRA sec. 5192 (incesto); e infracción al Art. 75 de la Ley Núm. 177-2003 conocida como la Ley para el Bienestar y la Protección Integral de la Niñez, 8 LPRA sec. 450c (maltrato de menores).

---
[1] Mediante Orden Administrativa OATA-2022-140 se designa a la Hon. Karilyn M. Diaz Rivera en sustitución del Hon. Felipe Rivera Colón.

Número Identificador
SEN2022 _____

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada en cuanto al cargo por el Art. 131 del Código del 2012, *supra,* y se *confirma* en cuanto al cargo por el Art. 144(a) del Código del 2004, *supra,* el cargo por el Art. 75(a) de la Ley Núm. 177-2003, *supra,* y los tres (3) cargos por el Art. 133(a) del Código Penal del 2012, *supra.*

## I.

Por hechos ocurridos entre agosto del 2007 al verano del 2009, y otros a principios del año 2016, el 8 de diciembre de 2020, el Ministerio Público presentó seis (6) acusaciones en contra del apelante, por violaciones al Art. 144(a) del Código Penal de Puerto Rico del 2004, *supra*; Art. 133(a) del Código Penal del 2012, supra, (3 cargos); Art. 131 del Código Penal del 2012, *supra,* y Art.75 de la Ley Núm. 177-2003, *supra.* En dichas acusaciones, se le imputó al apelante lo siguiente:

Caso núm. JIS2020G005, Art. 144(a) (actos lascivos), derogado Código Penal de 2004

El referido acusado, Efrén Antonio Negrón Ramírez, allá en o para el mes de agosto del año 2007 hasta el verano 2009 y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce, a propósito y sin intentar consumar el delito de agresión sexual, sometió a la menor Natasha Ivette Rodríguez Negrón, de entre 6 a 7 años de edad, a un acto que tendió a despertar, excitar o satisfacer la pasión o deseos sexuales de este, consistente en que la ponía a jugar caballito mientras la hacía brincar hacia arriba y hacia abajo sentada en el área de su pene; le toca sus senos por encima y por debajo de la ropa y le rozaba el pene sus nalgas y su vulva mientras movía el pene hacia arriba y hacia abajo, teniendo este una relación de parentesco por consanguinidad por ser su tío materno.

Caso núm. JIS2020G0006, Art. 133(a) (actos lascivos cuya víctima es menor de dieciséis años), Código Penal de Puerto Rico.

El referido acusado, Efrén Antonio Negrón Ramírez, allá en o para el mes de mayo del 2016 y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce, a propósito y sin intentar consumar el delito de agresión sexual, sometió a la menor, Natasha Ivette Rodríguez Negrón, de 14 años de edad, a un acto que tendió despertar, excitar o satisfacer la pasión o deseos sexuales de este, consistente en que se puso detrás de la menor, mientras esta estaba inclinada sobre un mueble, le rozaba su pene sobre sus nalgas mientras se

movía hacia adelante y hacia atrás, y le rozó sus dedos sobre su vulva hacia adelante y hacia atrás hasta sus nalgas, teniendo este una relación de parentesco por consanguinidad con la menor por ser su tío materno.

Caso núm. JLE2020G0159, Art. 75 (maltrato), derogada Ley Núm. 117-2003

El referido acusado, Efrén Negrón Ramírez, allá en o para el mes de agosto de 2007 hasta el año 2008 y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce, a propósito y por acción incurrió en un acto de conducta obscena que causó daño a la menor, Natasha Ivette Rodríguez Negrón, de entre 6 y 7 años de edad, y la puso en riesgo de sufrir daño a su salud e integridad física, mental o emocional, consistente en que la puso a ver una película pornográfica donde había una mujer mamando dos penes y el acusado de epígrafe le señalaba a la muchacha de la película y le decía que aprendiera a hacer eso.

Caso núm. JIS2020G0007, Art. 131 (incesto), Código Penal de Puerto Rico

El referido acusado, Efrén Antonio Negrón Ramírez, allá en o para principios del año 2016, y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce a propósito llevó a cabo una penetración sexual vaginal digital con la menor [TIRN] de 11 años de edad, consistente en que le metió la mano por arriba del pantalón y después él con un dedo lo metió completo en su vagina y lo movía para los lados como por cuatro a cinco minutos, teniendo este una relación de parentesco por consanguinidad con la menor por ser su tío materno.

Caso núm. JIS2020G0008, Art. 133(a)(actos lascivos), Código Penal de Puerto Rico

El referido acusado, Efrén Antonio Negrón Ramírez, allá en o para principios del 2016, y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce, a propósito, y sin intentar consumar el delito de agresión sexual, sometió a la menor [TIRN] de 11 años de edad, a un acto que tendió a despertar, excitar o satisfacer su pasión o deseos sexuales, consistente en que le tocaba su vagina con sus manos por encima de la ropa y se la rozaba por varios minutos, teniendo este una relación de parentesco por consanguinidad con la menor por ser su tío materno.

Caso núm. JIS2020G0009, Art. 133(a)(actos lascivos), Código Penal de Puerto Rico

El referido acusado, Efrén Antonio Negrón Ramírez, allá en o para principios del 2016, y en Juana Díaz, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Ponce, a propósito, y sin intentar consumar el delito de agresión sexual, sometió a la menor [TIRN] de 11 años de edad, a un acto que tendió a despertar, excitar o satisfacer su pasión o deseos sexuales, consistente en que le rozaba su pene en las nalgas por encima de la ropa, sintiendo esta la punta del pene en la parte de arriba de sus nalgas, mientras lo movía de arriba

hacia abajo, teniendo este una relación de parentesco por consanguinidad con la menor por ser su tío materno.

Luego del proceso de *Desinsaculación de Jurado*, el desfile de prueba del Juicio en su Fondo se llevó a cabo los días 3, 8, 9, 10, 13 y 15 de diciembre de 2021. La prueba documental de cargo presentada para sostener los cargos imputados consistió en la siguiente: (1) Las advertencias Miranda (*Exhibit 1*); (2) Declaración de persona sospechosa (*Exhibit 2)*; (3) Documento CEA-3 (*Exhibit* 3) y (4) Copia de seis (6) folios de un diario de la testigo, Natasha I. Rodríguez Negrón (*Exhíbit* 4). Además, el Ministerio Público presentó el testimonio bajo juramento de las siguientes personas: (1) Sra. Gilmarie Santiago Negrón (2) Sra. Elba Rosa Morales Negrón (3) Sra. Milagros Negrón Ramírez (4) Agte. Amarilis Sotomayor Pérez (5) la menor TIRN (6) la joven Natasha I. Rodríguez Negrón.  La Sra. Limari López Santiago no fue utilizada como testigo y se puso a la disposición de la defensa. Por su parte, el apelante presentó, como prueba de defensa, el testimonio bajo juramento de la Sra. Ana M. Ramírez Rodríguez.

Así las cosas, escuchados los testimonios de los testigos y evaluada la totalidad de la prueba que tuvo ante sí, el 15 de diciembre de 2021, el Jurado emitió un veredicto de culpabilidad en todos los cargos imputados al apelante. Ese mismo día, el Tribunal de Primera Instancia aceptó los veredictos y declaró al apelante culpable.

Posteriormente, el 26 de enero de 2022, se llevó a cabo la *Vista de Imposición de Sentencia*. Mediante el dictamen, el Tribunal de Primera Instancia sentenció al apelante de la siguiente forma: por el Art. 144(a) del Código Penal de 2004, *supra*, ocho (8) años de cárcel; por el Art. 133 (a) del Código Penal de 2012 (3 cargos), *supra*, quince (15) años de cárcel en cada cargo; por el Art. 131 del Código Penal de 2012, *supra*, cincuenta (50) años de cárcel; y, por

el Art. 75 (b) Ley Núm. 177-2003, *supra*, ocho (8) años de cárcel. Además, por entender que existía un concurso real de delitos y de conformidad con el Art. 71(b)(3) del Código Penal de 2012, 33 LPRA sec. 5104, (concurso de delitos), el Tribunal de Primera Instancia impuso el 20% de la pena máxima de cincuenta (50) años como pena agregada, para un total de diez (10) años. De otra parte, debido a la reincidencia simple que fue aceptada por el apelante, el Tribunal de Primera Instancia añadió el 25% a la pena fija de cincuenta (50) años, para un total de doce (12) años y seis (6) meses, aumentando la pena a un total de setenta y dos (72) años y seis (6) meses de cárcel.

Inconforme con la *Sentencia*, el 25 de febrero de 2022, el apelante acudió a este Foro apelativo intermedio y señaló la comisión de los siguientes errores:

> Erró el Juzgador de los hechos al declarar culpable a nuestro representado cuando la prueba de cargo no estableció su culpabilidad más allá de duda razonable en violación al derecho a presunción de inocencia y al debido proceso de ley.

> El Ministerio Público no probó los elementos constitutivos del delito de Incesto y en particular el elemento de la penetración por lo que no se rebatió la presunción de inocencia. Por tal motivo, la prueba de cargo fue insuficiente en derecho y -en consecuencia- no se rebatió la presunción de inocencia más allá de duda razonable ni se estableció la culpabilidad al o establecerse dicho elemento del delito.

## II.

El Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, Art. II Const. ELA, LPRA, Tomo 1, garantiza a todo acusado de delito, el derecho fundamental a la presunción de inocencia durante todo el proceso criminal. Ese derecho, constituye uno de los imperativos del debido proceso de ley, según lo ha reconocido nuestro más alto Foro en múltiples ocasiones. *Pueblo v. Rodríguez Pagán*, 182 DPR 239 (2011). Además, y de manera más específica, la Regla 110 (F) de

Procedimiento Criminal, 34 LPRA Ap. II, dispone que, en los casos criminales, la culpabilidad de la persona debe ser establecida más allá de duda razonable. Es el Ministerio Público, quien tiene la obligación de presentar evidencia para cumplir con la carga probatoria de establecer la culpabilidad del acusado. Dicho de otra forma, el Ministerio Público tiene que probar - más allá de duda razonable - todos los elementos del delito, la intención o negligencia criminal en su comisión y la conexión de la persona acusada con los hechos. *Pueblo v. Acevedo Estrada,* 150 DPR 84, 99 (2000).

No obstante, lo anterior, es necesario señalar que la *duda razonable* no es una duda especulativa ni se extiende a cualquier duda posible. El Tribunal Supremo de Puerto Rico ha definido como *duda razonable,* aquella duda fundada que surge como el raciocinio de todos los elementos de juicio envueltos en un caso. Nuestro más alto Foro ha expresado además que, para poder rebatir la presunción de inocencia, el Ministerio Público deberá probar cada uno de los elementos del delito imputado y producir certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Bigio Pastrana,* 116 DPR 748 (1985), *Pueblo v. Cruz Granados,* 116 DPR 3 (1984); *Pueblo v. Irizarry,* 156 DPR 780 (2002).

Ahora bien, en nuestro ordenamiento jurídico, es norma reiterada que, al enfrentarnos a la tarea de revisar la suficiencia de la prueba en convicciones criminales, nuestra función revisora está enmarcada dentro de unas consideraciones que nos limitan. Como sabemos, al momento de revisar las determinaciones que realizan los juzgadores de primera instancia, ya sea Juez o Jurado, debemos otorgarle una gran deferencia en cuanto a la prueba testifical presentada ante ellos. La regla general es que el tribunal

revisor no debe intervenir con la adjudicación de credibilidad de los testigos ni sustituir las determinaciones de hechos basadas en las apreciaciones de esa prueba. *Pueblo v. Toro Martínez,* 200 DPR 834 (2018). Además, el veredicto del jurado, como la sentencia del juez, es un acto investido con la alta dignidad de la magistratura en la función juzgadora de la conducta de los hombres, y no es para echarse a un lado con liviandad e indiferencia. *Pueblo v. Figueroa Rosa,* 112 DPR 154 (1992). La norma expuesta, descansa en el hecho de que los foros de instancia están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de observar y escuchar a los testigos y, por ello, su apreciación merece gran respeto y deferencia. *Pueblo v. Acevedo Estrada,* supra*; Pueblo v. Rosario Reyes,* 138 DPR 591 (1995).

Claro está, a pesar de que la determinación de culpabilidad hecha por el juzgador de los hechos merece gran deferencia, ésta podrá ser revocada en apelación si se demuestra que hubo pasión, prejuicio o parcialidad y/o si se incurre en error manifiesto debido a que la prueba no concuerda con la realidad fáctica o es increíble o imposible. *Pueblo v. Maisonave,* 129 DPR 49 (1991); *Pueblo v. Acevedo Estrada,* supra, pág. 99. Así, pues, a menos que existan los elementos mencionados o que la apreciación de la prueba se distancie de la realidad fáctica o ésta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con la apreciación de la prueba hecha por el juzgador de los hechos. *Pueblo v. Maisonave Rodríguez,* supra.

En el caso *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013), nuestro Tribunal Supremo tuvo la oportunidad de definir lo que es *pasión, prejuicio o parcialidad* y *error manifiesto.* A esos efectos, nuestro más alto Foro expresó que se incurre en *pasión, prejuicio o parcialidad* cuando se actúa "movido por

inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna." Por su parte, las determinaciones del foro revisado son un *error manifiesto* si de un análisis de la totalidad de la evidencia, el foro revisor queda convencido de que se cometió un error porque las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida debido a que se distancian de la realidad fáctica o es inherentemente imposible o increíble. *Dávila Nieves v. Meléndez Marín*, supra, pág. 772.

Finalmente, en cuanto a la cantidad de prueba requerida para sostener una convicción, es necesario acudir a la Regla 110 de Evidencia, 32 LPRA Ap. VI. Conforme al inciso (D) de dicho precepto reglamentario, "[l]a evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley." Por ello, el testimonio de un sólo testigo - de ser creído por el juzgador de los hechos - es suficiente para sustentar una convicción; toda vez que no se trata de un análisis de cantidad.

**III.**

En el presente caso, mediante el primer señalamiento de error, el apelante aduce que el foro primario erró al declararle culpable, cuando la prueba de cargo no estableció su culpabilidad más allá de duda razonable, en violación al derecho a la presunción de inocencia y al debido proceso de ley. Como parte de su discusión del primer señalamiento de error, el apelante argumentó que la prueba presentada por el Ministerio Público durante el *Juicio en su Fondo,* no cuenta con suficiente garantía de

confiabilidad, que los testimonios de las perjudicadas crean dudas en cuanto a cómo ocurrieron los hechos y que no se probaron todos los elementos del delito de actos lascivos ni el de maltrato tipificado en el Art. 75(a) de la Ley Núm. 77-2003, *supra*. No le asiste la razón.

Con relación a la alegada falta de credibilidad de los testigos de cargo y las dudas que sus testimonios hayan podido crear, el Jurado estuvo en mejor posición para evaluar la prueba desfilada que este Tribunal apelativo intermedio. Fue el Jurado, quien tuvo la oportunidad de observar y escuchar a los testigos de cargo y de defensa. Es por ello que, de conformidad con nuestro ordenamiento jurídico, ante la ausencia en el expediente de algún indicio de pasión, perjuicio o parcialidad, este Foro Revisor le otorga completa deferencia a la apreciación de la prueba - particularmente la adjudicación de credibilidad - que hizo el Jurado sobre los testigos.

Por otro lado, como discutiremos a continuación y según surge de la Transcripción de la Prueba Oral (TPO) que obra en autos, la prueba presentada por el Ministerio Púbico durante el Juicio, bastó para establecer que, en este caso, concurrieron los elementos del delito de actos lascivos y de maltrato, por los cuales el apelante fue acusado. Por consiguiente, la comisión de esos delitos por parte del apelante se probó más allá de duda razonable.

Al respecto, precisamos que el derogado Art. 144(a) del Código Penal de 2004 tipificaba como delito la conducta de *actos lascivos*, cuando la víctima era menor de dieciséis (16) años al momento de los hechos. Por su parte, en el actual Código Penal de Puerto Rico de 2012, el delito de *actos lascivos* cuando la víctima es menor de dieciséis (16) años está codificado en el Art. 133(a). Es necesario señalar, que el texto de ambos artículos es

prácticamente idéntico, por lo que procedemos a discutir sus elementos de manera conjunta. A esos efectos, ambos artículos tipifican como una de las modalidades de *actos lascivos,* el que una persona a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, si la víctima al momento del hecho es menor de dieciséis (16) años.

Como mencionáramos, el apelante fue declarado culpable en cuatro (4) cargos de actos lascivos, uno bajo el derogado Art. 144(a) del Código Penal de 2004, *supra*, y tres (3) bajo el Art. 133(a) del Código Penal de 2012, *supra.* Bajo el precitado Art. 144(a) del Código Penal de 2012, *supra*, al apelante se le imputó que allá en o para el mes de agosto del año 2007 hasta el verano 2009, a propósito y sin intentar consumar el delito de agresión sexual, sometió a la menor, Natasha Ivette Rodríguez Negrón, quien es su sobrina, de entre 6 a 7 años de edad, a un acto que tendió a despertar, excitar o satisfacer la pasión o deseos sexuales de este, consistente en que la ponía a jugar caballito mientras la hacía brincar hacia arriba y hacia abajo sentada en el área de su pene; le toca sus senos por encima y por debajo de la ropa y le rozaba con el pene sus nalgas y su vulva mientras movía el pene hacia arriba y hacia abajo, teniendo este una relación de parentesco por consanguinidad por ser su tío materno. En cuanto con dicho cargo, el apelante argumentó que, al momento de los hechos, la niña no sabía lo que era una erección y no estaba desarrollada en el área de los pechos para poder despertar su interés de tocarla. Alegó, además, que la menor no tenía la consciencia ni la malicia para concluir que él – su tío - tenía intención de abusar sexualmente de ella, tocándola, para de esa forma sentir algún tipo

de placer. En consecuencia, asevera que no se probaron todos los elementos del delito.

No obstante, surge del expediente ante nuestra consideración, particularmente de la TPO, que Natasha Ivette Rodríguez Negrón, declaró bajo juramento sobre esos hechos[2]. Específicamente, declaró que, en una ocasión, cuando ella tenía como 6 ó 7 años, estaba jugando con su hermana y que el apelante, quién es su tío materno, llegó y le pidió que lo acompañara al cuarto del abuelo a ver los muñequitos. Continuó declarando, que ella y su hermana se sentaron a ver la televisión y el apelante les ofreció jugar a caballito. Que jugar a caballito, era que el apelante se acostaba boca arriba y ponía sus pies en el piso, en ese caso, la cama. Continuó diciendo que, ella se sentó en el área de su pene y su hermana sobre su estómago. Que, en su caso, ella rozaba el pene del apelante para al frente y hacia atrás y con el tiempo él tuvo su erección. Que sintió que el pene del apelante se puso duro y que ella lo sentía en su vulva. Adviértase que, del testimonio de Natasha Ivette Rodríguez Negrón, surgen claramente los elementos del delito imputado. Es decir, ella relató que a la fecha de los hechos tenía entre 6 y 7 años, por lo que era menor de 16 años. Que su tío, el apelante, la llamó para el cuarto del abuelo y le ofreció jugar a caballito. Que, jugando caballito, ella se sentó en el pene de su tío y le rozó su pene hasta que este tuvo una erección que ella sintió en su vulva.

Es preciso señalar, que el elemento de que "el acto tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado", es un elemento subjetivo que ocurre en la mente del imputado de delito y no en la mente de la perjudicada. En otras palabras, es el sujeto activo – en este caso el apelante - y no el

---

[2] Véase TPO, págs. 219-289

sujeto pasivo - la menor - quien debe tener la conciencia y malicia de despertar o satisfacer sus deseos sexuales mediante la conducta imputada. Por esa razón, es inmaterial a los hechos del presente caso, el que la menor en ese momento no supiera lo que era una erección. Para probar el acto, era suficiente que la testigo describiera, como en efecto describió, que sintió que el pene de su tío se puso duro durante el acto y que su testimonio fuera creído por el Jurado. Igualmente, es inmaterial el argumento de que la menor no estaba desarrollada en el área de los pechos para poder despertar el interés sexual del apelante, pues también es un elemento subjetivo que ocurre en la mente del imputado, que puede ser probado con evidencia circunstancial, tal cual fue probado con el testimonio de Natasha Ivette Rodríguez Negrón.

Además, el apelante fue declarado culpable por el Art. 75(a) de la derogada Ley Núm. 177-2003. En ese cargo, el Ministerio Público alegó que el apelante, allá en o para el mes de agosto de 2007 hasta el año 2008, a propósito y por acción incurrió en un acto de conducta obscena que causó daño a la menor, Natasha Ivette Rodríguez Negrón, de entre 6 y 7 años, y la puso en riesgo de sufrir daño a su salud e integridad física, mental o emocional, consistente en que la puso a ver una película pornográfica donde había una mujer mamando dos penes y el acusado de epígrafe le señalaba a la muchacha de la película y le decía que aprendiera a hacer eso. Con relación a dicho cargo, el apelante argumentó que ese articulado, a quien penaliza es a la persona responsable del menor. Añadió, que el Art. 2(y) de la Ley Núm.177-2003, *supra,* define a la *persona responsable* como "el custodio, los/as empleados/as y funcionarios de los programas o centros o instituciones que ofrezcan servicios de cuido, educación, tratamiento o detención de menores durante un periodo de

veinticuatro (24) horas al día o parte de este". Concluyó, que el apelante no cae bajo la citada definición de *persona responsable.* No tiene razón. El Art. 75 de la Ley Núm. 177-2003, *supra*, dispone que:

> *Todo padre, madre o persona responsable por el bienestar de un menor **o cualquier otra persona** que por acción u omisión intencional que cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional, incluyendo pero sin limitarse a incurrir en conducta constitutiva de delito sexual, incurrir en conducta constitutiva de violencia doméstica en presencia de menores, incurrir en conducta obscena o la utilización de un menor para ejecutar conducta obscena, será sancionado con pena de reclusión por un término fijo de cinco (5) años o multa que no será menor de cinco mil (5,000) dólares ni mayor de diez mil (10,000) dólares, o ambas penas a discreción del Tribunal. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de ocho (8) años; de mediar circunstancias atenuantes, la pena fija podrá ser reducida hasta un máximo de tres (3) años...*
>
> *Se considerarán agravantes en estos casos las siguientes circunstancias:*
>
> *(a) Si la víctima es ascendiente o descendiente en cualquier grado, incluyendo las relaciones adoptivas o por afinidad.*
>
> *(b) Si la víctima es colateral hasta el cuarto (4to) grado de consanguinidad, de vínculo doble o sencillo, incluyendo relaciones por adopción o por afinidad...* (Énfasis suplido).

De una lectura del citado artículo, se desprende que el mismo penaliza, no sólo a la persona responsable del menor, sino también a **"cualquier otra persona"** que incurra en la conducta descrita. Por tal razón, es forzoso concluir que no le asiste la razón al apelante. Cónsono con lo discutido, concluimos que el primer error no se cometió.

En su segundo señalamiento de error, el apelante alega que el Ministerio Público no probó los elementos constitutivos del delito de incesto, particularmente el elemento de la penetración. Sostiene, que al no haberse probado que hubo una penetración, procede la revocación de la convicción por el delito de incesto. Veamos.

La acusación presentada por el Ministerio Público en cuanto al cargo de incesto, tipificado en el Art. 131 del Código Penal de Puerto Rico del 2012, *supra*, le imputa al apelante que allá en o para principios del año 2016, a propósito llevó a cabo una penetración sexual vaginal digital con la menor [TIRN] de 11 años de edad, consistente en que le metió la mano por arriba del pantalón y después él con un dedo lo metió completo en su vagina y lo movía para los lados como por cuatro a cinco minutos, teniendo este una relación de parentesco por consanguinidad con la menor por ser su tío materno. Al respecto, el Art. 131 del Código Penal de 2012, *supra*, dispone lo siguiente:

> *Serán sancionadas con pena de reclusión por un término fijo de cincuenta (50) años, aquellas personas que tengan una relación de parentesco, por ser ascendiente o descendiente, por consanguinidad, adopción o afinidad, o colateral por consanguinidad o adopción, hasta el tercer grado, o por compartir o poseer la custodia física o patria potestad y que lleven a cabo un acto orogenital o una **penetración sexual vaginal** o anal, ya sea ésta genital, **digital** o instrumental... (Énfasis suplido).*

No obstante, para un análisis completo del delito de incesto, es necesario atender también el Art. 132 del Código Penal del 2012, 33 LPRA sec. 5193, que establece las circunstancias esenciales del delito de incesto y agresión sexual. A esos fines, dicho artículo dispone que "[e]l delito de agresión sexual o de incesto consiste esencialmente en la agresión inferida a la integridad física, síquica o emocional y a la dignidad de la persona. Cualquier acto orogenital o **penetración** sexual, vaginal o anal, ya sea ésta genital, digital o instrumental, por leve que sea, bastará para consumar el delito." En otras palabras, el acto prohibido en el delito imputado es una penetración sexual de cualquiera de los siguientes modos: vaginal, anal, orogenital, digital o instrumental, con la presencia de una relación de parentesco colateral por consanguinidad, hasta el tercer grado.

Precisa resaltar que el Código Penal de Puerto Rico no contiene una definición de lo que es *penetración*. Ante ello, debemos interpretar la palabra *penetración*, según el contexto y el significado sancionado por el uso común y corriente[3]. En consecuencia, debemos concluir que la *penetración* conlleva necesariamente el acto de introducir, por leve que sea.

Del segundo señalamiento de error planteado por el apelante, se puede colegir que éste alega que la prueba desfilada en el Juicio en su Fondo no demostró que hubiera una penetración y que; en ausencia de ese elemento, procede que se revoque la convicción del delito de incesto. Para discutir este señalamiento de error, es necesario acudir al testimonio de la joven TIRN, según surge de la TPO[4]. Sobre el incidente en cuestión, la joven TIRN declaró que el apelante la llamó a su cuarto para darle algunos dulces. Dijo que entró y ambos estaban solos. Entonces, ella se paró frente a la cama, tomó los dulces y comenzó a comérselos. Añadió que mientras tanto, el apelante comenzó a acariciarle los muslos, hasta que le **tocó** sus nalgas y su vagina. Describió el movimiento de arriba hacia abajo y hacia los lados. Continuó diciendo que se quedó quieta mientras eso pasaba y se sintió mal.

Luego de que la testigo se refrescara la memoria con su declaración jurada, indicó que el apelante le **tocaba** la vagina, le bajó los pantalones y comenzó a **acariciarle** la vagina otra vez, por debajo de su ropa interior. Explicó, que el apelante estaba **sobándola**, que la **acariciaba** hacia los lados, o hacia arriba y hacia abajo con sus dedos en su vagina, por debajo de su ropa interior[5]. Finalmente, a preguntas de la fiscal en cuanto a qué era lo que el apelante hacía con los dedos en el área de su vagina, **la**

---

[3] Véase Art. 12 del Código Penal de Puerto Rico.
[4] Véase TPO, págs. 132-217
[5] Véase TPO, págs. 162-163

**joven contestó que solo los movía por los lados, en la superficie**[6].

Luego de analizar con detenimiento el testimonio de todos los testigos de cargo, según transcritos en la TPO que obra en el expediente ante *nos* - particularmente el de la joven TIRN - concluimos que en el presente caso hay ausencia de prueba sobre el elemento de la penetración requerido en el delito de incesto, tipificado en el Art. 131 del Código Penal de 2012, *supra.* Ello, constituye un error manifiesto debido a que la conclusión de que se cometió el delito de incesto está en conflicto con la evidencia desfilada en el Juicio. Por lo tanto, procede la revocación de la convicción por dicho artículo, pues no se establecieron todos sus elementos más allá de duda razonable.

## IV.

Por los fundamentos que anteceden, los cuales se hacen formar parte de este dictamen, se *confirma* la *Sentencia* apelada en cuanto al cargo por el Art. 144(a) del Código Penal de 2004, *supra*, los tres (3) cargos por el Art. 133(a) del Código Penal del 2012, *supra*, y el Art. 75(a) de la Ley Núm. 177-2003, *supra*; y se *revoca* con relación al cargo por el Art. 131 del Código Penal de 2012, *supra.* Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia, Sala de Ponce, para que se lleve a cabo una nueva *Vista* para dictar *Sentencia,* de conformidad con lo aquí expuesto.

Lo acordó y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase TPO, pág. 163, líneas10-14.